**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

**OMNI-ID USA, INC. and OMNI-ID CAYMAN, LIMITED,**
**a corporation and a limited liability corporation**
        **Plaintiffs,**

        **v.**

**VIZINEX, LLC, d/b/a VIZINEX RFID,**
**a limited liability company**

        **Defendant.**
_____

Case No. 6:14-cv-6078

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs, OMNI-ID USA, INC. ("Omni-ID USA") and OMNI-ID CAYMAN, LIMITED ("Omni-ID Cayman") (collectively, "Omni-ID"), for their Complaint against VIZINEX, LLC, d/b/a VIZINEX RFID ("Vizinex"), alleges as follows:

### THE PARTIES

1. Omni-ID USA, is a Delaware corporation having its principal place of business at 1200 Ridgeway Avenue, Rochester, New York.

2. Omni-ID Cayman, is a Cayman Islands limited liability corporation having its registered place of business at 75 Fort Street, PO Box 1350, Grand Cayman, KY1-1108, Cayman Islands.

3. Omni-ID USA is a wholly-owned subsidiary of Omni-ID Cayman, collectively "Omni-ID."

4. Upon information and belief, Defendant, Vizinex, is a Delaware limited liability company having its principal place of business at 1885 Weaversville Road, Allentown, Pennsylvania.

## JURISIDCTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 (federal question), §1332(a) (diversity of citizenship), and §1338(a) (question related to patents).

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 and §1400.

## FACTS GIVING RISE TO PATENT INFRINGEMENT

7. Omni-ID Cayman is the assignee and sole owner of United States Patent Nos. 7,768,400 ("the '400 Patent"), 7,880,619 ("the '619 Patent"), 8,299,927 ("the '927 Patent"), 8,264,358 ("the '358 Patent"), and 8,502,678 ("the '678 Patent") (collectively, "the Patents-in-Suit"). The preceding Patents-in-Suit are attached hereto as Exhibits A-E, respectively. The '927 Patent is a continuation of the '400 Patent, the '358 Patent is a continuation of the '619 Patent, and the '678 Patent is a continuation of the '358 Patent. Omni-ID USA holds a license from Omni-ID Cayman for the Patents-in-Suit.

8. The Patents-in-Suit disclose Radio Frequency Identification Tag technology, hereinafter referred to as "RFID Tags." RFID is a method of communicating using radio waves. Just as radio waves can travel through the walls of a home in order for a radio transmitter to communicate with a radio, radio waves sent by a transmitter can communicate with an RFID Tag without requiring line of sight visibility. RFID systems are used to send a signal from a transmitter to an RFID Tag which, in turn, sends a signal back to the transmitter with information about the RFID Tag. In use, the RFID Tag is attached to an item and contains information about that item, thus, the signal sent back to the transmitter would contain information about the item.

9. For a RFID system to operate, the RFID Tag has to receive a signal of sufficient strength from the RFID Reader. One disadvantage of an RFID Tag is that if placed in close proximity to a liquid or metallic surface, the signal sent from the RFID Reader will interact with the liquid or metal surface and have a negative effect on the signal intended for the RFID Tag. As a result, the RFID Reader and the RFID Tag will very often be unable to communicate with each other which, as a result, will not allow the RFID Reader to obtain information from the RFID Tag.

10. Omni-ID pioneered and implemented an RFID Tag system that isolates a RFID Tag from surfaces that disrupt the signal sent from the RFID Reader. The Patents-in-Suit discloses a decoupler of minimal thickness that captures and holds radio waves emitted from an RFID Reader without interference from nearby liquid and metallic surfaces. Thus, Omni-ID's RFID system allows a RFID Tag that is mounted on a decoupler to be read regardless of the materials the RFID Tag is placed upon.

13. Defendant Vizinex offers to sell and sells in this District its "Sentry AST Long Range" RFID tags, among other RFID products, that infringe the Patents-in-Suit under 35 U.S.C. § 271(a).

14. Vizinex has been on notice of the Patents-in-Suit and has continued to make, use and sell products that infringement the Patents-in-Suit, thus, Vizinex's infringement has been willful.

WHEREFORE, Omni-ID prays that a judgment be entered in its favor and against Vizinex as follows:

    (a) Vizinex infringes the Patents-in-Suit under 35 U.S.C. §271;

    (b) Omni-ID be awarded damages pursuant to 35 U.S.C. §284;

    (c) Vizinex's infringement be found to be willful and damages be trebled;

    (c) Omni-ID be awarded prejudgment interest;

(d)  Omni-ID be awarded increased damages pursuant to 35 U.S.C. §284;

(e)  Omni-ID be awarded its attorney fees pursuant to 35 U.S.C. §285; and

(f)  any further and just relief the Court deems equitable and appropriate.

## JURY DEMAND

Plaintiffs respectfully request a trial by jury on all issues so triable.

Dated:  February 19, 2014               Respectfully submitted,

                                        OMNI-ID USA, INC. and
                                        OMNI-ID CAYMAN, LIMITED


                                        By: /s/ Mark M. Grossman
                                            Mark M. Grossman
                                            Tejal P. Fowler
                                            Kyle Wallenberg
                                            GROSSMAN LAW OFFICES
                                            225 W. Washington St. Suite 2200
                                            Chicago, Illinois 60606
                                            (312) 621-9000